IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: JAMES D. SCHNELLER,           :
                                      :
                  Appellant.    :          CIVIL ACTION NO. 14-6122
                                        :
                                        :          ADVERSARY NO. 13-529(JFK)

## <u>MEMORANDUM OPINION</u>

Smith, J.                                                    September 29, 2015

       After a preliminary review of this bankruptcy appeal, this court ordered the *pro se* appellant to show cause why the court should not dismiss the appeal for lack of subject-matter jurisdiction because it appeared that he failed to timely file his appeal.  The appellant failed to respond to the order to show cause and the court dismissed the appeal for lack of subject-matter jurisdiction.  After the court dismissed the case, the appellant filed three motions:  (1) a motion to appeal *in forma pauperis*; (2) a motion for leave to register as an ECF user; and (3) a motion under Rule 60 of the Federal Rules of Civil Procedure to open or vacate the dismissal order and reinstate the appeal.  In this third motion, the appellant appeared to believe that the court dismissed the appeal because he failed to file a response to the order to show cause rather than because the court lacked subject-matter jurisdiction.

       In response to the third motion, the court provided the appellant with a period of time to submit an explanation regarding why the court erred in determining that the court lacked subject-matter jurisdiction in this case.  The court also scheduled oral argument on the various motions. Instead of accepting the invitation to provide the court with justification to entertain this appeal, the appellant filed a belated response in which he conceded (albeit for different reasons than the court had for dismissing the appeal) that the court lacked subject-matter jurisdiction.  The appellant also requested that the court transfer the appeal to a bankruptcy panel.

After reviewing the record in this matter, the court will grant the motion for leave to appeal *in forma pauperis*.  Regarding the motion to vacate, the court will deny the motion because the appellant has not demonstrated a basis to disturb the prior conclusion that the court lacks subject-matter jurisdiction over this bankruptcy appeal.  The court will also deny the motion to transfer because the court cannot transfer the appeal to a bankruptcy panel that does not exist.  The court will also deny as moot the motion to register as an ECF user insofar as the court has already dismissed the case for lack of subject-matter jurisdiction.

## I.  BACKGROUND AND PROCEDURAL HISTORY

In February 2011, the *pro se* appellant, James D. Schneller ("the appellant"), commenced a tort action by filing a complaint against multiple defendants, including the Delaware County Times, in the Court of Common Pleas of Delaware County.  Notice of Removal ("Notice") at Unnumbered Ex. (attaching copy of state-court complaint), *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 1-4.[1]  After more than two years of proceedings before the Court of Common Pleas, the appellant removed the state-court action to the United States Bankruptcy Court for the Eastern District of Pennsylvania on October 10, 2013.[2]  Notice.  In the notice of removal, the appellant appears to argue that he removed the case so that the court could

---

[1] In the complaint, the appellant asserted multiple causes of action arising out of his contention that the Delaware County Times published a libelous article about him, titled "Attorney asks court to bar 'frivolous' litigator," in an October 2008 edition of the newspaper.  The other named defendants included the author of the article and an attorney that had allegedly provided the author with information for the article.

[2] In those state-court proceedings, it appears that the Honorable George A. Pagano entered an order sustaining preliminary objections filed by the Delaware County Times and Marlene DiGiacomo (the author of the article) and dismissing the appellant's claims against them with prejudice on August 11, 2011.  Notice at Unnumbered Ex., Aug. 11, 2011 Order, Bankr. Ct. Doc. No. 1-5.  On January 25, 2012, it appears that Judge Pagano sustained preliminary objections filed by the remaining defendant, John Prodoehl, Esquire (the attorney that allegedly provided information for the article), and dismissed the claims against him without prejudice to the appellant to file an amended complaint within 20 days of the order.  Notice at Unnumbered Ex., Bankr. Ct. Doc. No. 1-5.  The appellant then filed an amended complaint, and after the defendants filed preliminary objections to the amended complaint, he filed a second amended complaint.  Notice at Unnumbered Ex., Bankr. Ct. Doc. Nos. 1-5, 1-6.  The Honorable Charles B. Burr, II, sustained the Delaware County Times' and Marlene DiGiacomo's preliminary objections to the second amended complaint and dismissed the claims against them on June 28, 2012.  Notice at Unnumbered Ex., Bankr. Ct. Doc. No. 1-6.  The appellant filed a motion for reconsideration of that order, which Judge Burr denied on August 16, 2012.  *Id.*

transfer it to an ongoing bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York. *Id.*

The appellant filed an application to proceed *in forma pauperis*, which the Honorable Jean K. FitzSimon of the United States Bankruptcy Court for the Eastern District of Pennsylvania granted via an order entered on October 16, 2013.[3] Appl. to Proceed in Forma Pauperis, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 2; Oct. 16, 2013 Order, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 3. The appellant then filed a motion to have the bankruptcy court allow him to register as an ECF user on December 14, 2013. Mot. for Leave to Register as an ECF User, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 7. On December 10, 2013, Judge FitzSimon entered an order voiding the notice of removal because the appellant violated an automatic stay when he removed the case.[4] Dec. 10, 2013 Order, *Schneller v. Delaware Cnty. Times*, No. 13-

---

[3] In the order, Judge FitzSimon noted that she granted the order "subject to change in the event that this order was improvidently granted." Oct. 16, 2013 Order, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 3.

[4] In the order, Judge FitzSimon explained that, prior to the appellant filing the February 28, 2011 action in the Court of Common Pleas of Delaware County, he had filed a similar action in the Court of Common Pleas on December 3, 2009, in which he also claimed injuries arising from the October 9, 2008 article. Dec. 10, 2013 Order at 1-2, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 6. The bankruptcy court also pointed out that The Goodson Holding Company, owner of the Delaware County Times, had filed for bankruptcy in February 2009 and by July 2009, the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York had confirmed the debtor's plan for reorganization. *Id.* at 2-3. The appellant never filed a proof of claim in the case, but he did file a motion in 2012 seeking to have the bankruptcy court reopen the case. *Id.* at 3 (citation omitted). The bankruptcy court denied the motion to reopen. *Id.* (citation omitted). The appellant then filed a motion for reconsideration of the court's decision to deny the motion to reopen. *Id.* at 4 (citation omitted).

While the motion for reconsideration was pending in the bankruptcy court, The Goodson Holding Company filed a second bankruptcy petition in the Southern District of New York. *Id.* at 4 (citation omitted). The appellant filed a motion for relief from the automatic stay so he could proceed with the motion for reconsideration in the first bankruptcy case and with his February 2011 action in the Court of Common Pleas of Delaware County. *Id.* at 5 (citations omitted). The Honorable Stuart M. Bernstein entered an order in May 2013, which allowed the appellant "limited relief" from the automatic stay so he could move forward with his motion for reconsideration in the first bankruptcy case and pursue any appeals thereafter. *Id.* at 6 (citation and quotation marks omitted).

Although the appellant filed a proof of claim in the second bankruptcy case, Judge Bernstein disallowed the claim and expunged it in its entirety. *Id.* (citation omitted). As for the first bankruptcy case, on June 27, 2013, Judge Gropper denied the appellant's motion for reconsideration of the court's decision to deny the motion to reopen. *Id.* at 7 (citation omitted). The appellant then filed a motion for reconsideration and a motion for certification to the Second Circuit Court of Appeals in the second bankruptcy case, which Judge Bernstein denied.

529 (JFK), Bankr. Ct. Doc. No. 6.  The bankruptcy court also closed the adversary proceeding after determining that the court would take no further action in the case.  *Id.*  On December 19, 2013, Judge FitzSimon entered an order denying the appellant's request to register as an ECF user.  Dec. 19, 2013 Order, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Bankr. Ct. Doc. No. 8.

The appellant filed a motion to have the bankruptcy court reconsider the December 10, 2013 order on January 6, 2014.  Mot. for Recons. of Orders Closing Adversary Proceeding and Denying ECF Participation, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 11. The bankruptcy court denied the motion for reconsideration on August 19, 2014.  Aug. 19, 2014 Order, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 13.

The appellant filed a "Motion to Appeal in Forma Pauperis" on September 22, 2014.  Mot. to Appeal in Forma Pauperis, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 15.  In the motion, the appellant specified that he sought to appeal from the "order entered on August 19, 2014 den[ying] plaintiff's motion for reconsideration of the order entered on 12/11/13 declaring plaintiff's notice of removal void, and the order dated 12/14/13 denying plaintiff's leave to register as an ECF user."  *Id.* at 1.  The bankruptcy court denied the motion to appeal *in forma pauperis* on October 21, 2014.  Oct. 21, 2014 Order, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 17.  The bankruptcy court then transmitted the appeal to the district court on October 24, 2014, and the clerk of court docketed it at the above-captioned docket number on October 27, 2014.  *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 18.

---

*Id.* at 7-9 (citations omitted).  Judge Bernstein also denied the appellant's request to proceed *in forma pauperis* from the order disallowing and expunging his proof of claim. *Id.* at 9 (citation omitted).  In denying this request, Judge Bernstein noted that the appellant "'is a serial plaintiff who ignores adverse judicial determinations and continues to pursue frivolous litigation.'"  *Id.* (quoting from Bankruptcy Case No. 12-13774, Dkt. Entry No. 730, at 3-4).

On October 31, 2014, the undersigned entered an order on the appellant to show cause why the court should not dismiss the action for lack of subject-matter jurisdiction. Order to Show Cause, Doc. No. 2. The order provided the appellant with a period of 21 days to respond. *Id.* The appellant did not respond to the order and the court entered an order dismissing the bankruptcy appeal for lack of subject-matter jurisdiction on December 1, 2014. Doc. No. 3.

The appellant filed a motion to appeal *in forma pauperis* on December 4, 2014. Doc. No. 4. In the motion, it appears that the appellant sought leave to appeal *in forma pauperis* from "the order declaring removal void and the order denying leave to register for ECF" and from "the order entered on October 21, 2014 . . . den[ying] plaintiff's motion for leave to appeal in forma pauperis." Mot. to Appeal in Forma Pauperis at 1.

On December 27, 2014, the appellant filed two additional motions: (1) a motion for leave to register as an ECF user; and (2) a motion to open or vacate dismissal and reinstate appeal. Doc. Nos. 6, 7. In the latter motion, the appellant appeared to believe that the court dismissed the appeal solely because of his failure to file a response to the order to show cause. *See* Mot. to Open or Vacate Dismissal and Reinstate Appeal at 1 ("The Court has entered an order dismissing the appeal for failure of appellant to respond to a rule to show cause in the time allotted, regarding lack of subject[-]matter jurisdiction."). Although the appellant's belief was mistaken, the court entered an order on May 7, 2015, providing the appellant with 14 days to file a response to the order to show cause and explain how the court had subject-matter jurisdiction over the appeal. *See* Doc. No. 8. The court also scheduled oral argument for May 28, 2015.

Although the appellant did not file a timely response in compliance with the May 7, 2015 order, he submitted a letter to the court on May 27, 2015, in which he "admit[ted] to [the] lack of jurisdiction over this appeal" and requested that the court cancel oral argument. Letter, Doc. No.

10.  With this letter, the appellant also included a "motion to transfer appeal in lieu of statement to show cause" in which he appears to seek a transfer of this appeal to a three-judge panel of the bankruptcy court.  *See id.*  This motion was also separately filed on the docket.  Doc. No. 11.

## II.   DISCUSSION

As indicated above, the court must resolve four motions filed by the appellant:  (1) a motion to appeal *in forma pauperis*; (2) a motion for leave to register as an ECF user; (3) a motion to open or vacate dismissal and reinstate appeal; and (4) a motion to transfer the appeal. The court will briefly address the motion for leave to proceed *in forma pauperis* before addressing the other motions.

### A.   The Motion to Appeal In Forma Pauperis

In the motion to appeal *in forma pauperis*, the appellant incorporates his affidavit of indigence that he had filed with the bankruptcy court, but also notes that his financial situation had worsened since then.  *See* Mot. to Appeal in Forma Pauperis at 2.  When reviewing requests to proceed *in forma pauperis*, the litigant must establish that he or she is unable to pay the costs of suit.  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Here, after reviewing this motion, it appears that the appellant is unable to pay the costs of suit.

In addition, the court notes that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Rule 24 of the Federal Rules of Appellate Procedure also provides that

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise

entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

**(B)** a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Although the bankruptcy court denied the motion to appeal *in forma pauperis*, the bankruptcy court declined to address the appellant's request based on a concern that the court lacked the authority to address the request. *See* Oct. 21, 2014 Order at 4 n.2, *Schneller v. Delaware Cnty. Times*, No. 13-529 (JFK), Doc. No. 17. Presuming without deciding that Rule 24 of the Federal Rules of Appellate Procedure would be equally applicable to an appeal from a bankruptcy court to a district court, the bankruptcy court here had previously approved the appellant's request to proceed *in forma pauperis* and did not address whether the appellant was taking the appeal in bad faith when the court denied the motion to appeal *in forma pauperis*. This court will not disturb that prior determination and, accordingly, the court will, albeit somewhat reluctantly, grant the motion permitting the appellant leave to appeal *in forma pauperis*.

## **B.** **The Motion to Open or Vacate Dismissal and Reinstate Appeal**

The appellant filed a motion under Rule 60 of the Federal Rules of Civil Procedure to have the court open or vacate the December 1, 2014 order dismissing the appeal for lack of subject-matter jurisdiction.[5] In the motion, the appellant focused on his belief that the court dismissed the appeal because of his failure to respond to the order to show cause rather than simply because the court lacked subject-matter jurisdiction over the appeal due to his failure to timely file a notice of appeal from the bankruptcy court's orders. *See* Mot. to Open or Vacate Dismissal and Reinstate Appeal at 1.

---

[5] The appellant also references Rule 27 of the Federal Rules of Appellate Procedure. Mot. to Open or Vacate Dismissal and Reinstate Appeal at 1.

In support of the motion, the appellant asserted that the court should vacate the dismissal order because he has "excusable cause" for failing to respond to the order to show cause. *Id.* at 2-3. In this regard, the appellant stated that he never received notice that the bankruptcy court would treat the motion to appeal *in forma pauperis* as a notice of appeal. *Id.* He allegedly only learned about the appeal when he was attempting to prepare another motion for leave to appeal *in forma pauperis.*[6] *Id.* He also asserted that this court "may have erred in deciding on exactly the deadline on [the] show cause order, . . . rather than letting additional time pass, including where the dockets below show punctuality by plaintiff in substantial amount." *Id.* at 4.

While the appellant spent a significant portion of his motion in describing why he failed to respond to the order to show cause and why the bankruptcy court erred, he devoted only one sentence to the crux of the issue raised in the order to show cause, namely, how the court had subject-matter jurisdiction over this appeal. The appellant's only reference to subject-matter jurisdiction was the following: "Appellant is without knowledge nor information why subject matter could be missing over this appeal and requests clarification by the Court why such is lacking." *Id.* at 5.

Although the court provided the appellant with an additional opportunity to explain why the court has subject-matter jurisdiction over this bankruptcy appeal, he has declined to do so and claims that he admits to the lack of subject-matter jurisdiction in this case. *See* May 27, 2015 Letter ("I write to request cancelling of oral argument because, in my late response to order to show cause, I admit to lack of jurisdiction over this appeal[.]"), Doc. No. 10; Mot. to Transfer Appeal in Lieu of Statement to Show Cause ("Mot. to Transfer") at 3 ("Appellant, in response to the show cause order, admits that the Court does not have jurisdiction over this appeal[.]"), Doc.

---

[6] The appellant's statements regarding what precisely happened to cause him not to realize that an appeal was docketed in this court are very much unclear.

No. 11.  Although the appellant generally admits to the lack of subject-matter jurisdiction, he does not appear to acknowledge that he did not file a timely appeal from the bankruptcy court's orders.  *See* Mot. to Transfer at ¶ 4 ("Conversely, subject matter jurisdiction is supported by the fact that [the] appeal was timely[.]")  Instead, he asserts that subject-matter jurisdiction is lacking because he did not file an election to have the district court hear the appeal as required under 28 U.S.C. § 158(c)(1).[7]

For sake of completeness, while the appellant concedes the lack of subject-matter jurisdiction in this case, he is incorrect that the court lacks jurisdiction because of his failure to submit a written election as required by 28 U.S.C. § 158(c)(1).  Section 158(c)(1) provides that

> [s]ubject to subsections (b) and (d)(2), each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless--
>
> **(A)** the appellant elects at the time of filing the appeal; or
>
> **(B)** any other party elects, not later than 30 days after service of notice of the appeal;
>
> to have such appeal heard by the district court.

28 U.S.C. § 158(c)(1).  Contrary to the appellant's assertion, section 158(c)(1) has no application here because the United States Court of Appeals for the Third Circuit has not established a bankruptcy appellate panel under section 158(b)(1).  Thus, the appellant's failure to submit a written election that the district court should hear the appeal as required by section 158(c)(1) would not deprive this court of subject-matter jurisdiction over this appeal.

As for the timeliness of his appeal, despite the appellant's conclusory statement to the contrary in his motion to transfer, the appellant has presented no plausible evidence or persuasive legal argument that he timely filed an appeal from the district court orders.  Instead, the record

---

[7] The appellant also references Federal Rule of Bankruptcy Procedure 8001(e)(1).  Rule 8005 replaced Rule 8001(e) in 2014.  *See* Fed. R. Bankr. P. 8005 advisory committee's notes to 2014 amendments.

demonstrates that he filed his motion to appeal *in forma pauperis* well beyond the 14-day period that he had to file a notice of appeal. *See* Order to Show Cause (describing the apparent untimeliness of the bankruptcy appeal), Doc. No. 2.[8]  Accordingly, the appellant has failed to carry his burden to demonstrate any grounds for disturbing this court's December 1, 2014 order dismissing this appeal for lack of subject-matter jurisdiction.[9]  *See In re Caterbone*, 640 F.3d 108, 111-13 (3d Cir. 2011).

## C.    The Motion to Transfer

The appellant also requests that the court transfer this action to a bankruptcy panel because he failed to elect that his appeal proceed to the district court and, as such, the case should have gone to a bankruptcy appellate panel as contemplated by 28 U.S.C. § 158(c)(1). *See* Mot. to Transfer at 3.  The court recognizes that in certain circumstances the court must, if in the interest of justice, "transfer [an action or appeal filed in a court that lacks jurisdiction] to any

---

[8] The motion to appeal *in forma pauperis* evidenced the appellant's intent to appeal from the bankruptcy court's orders.  Curiously, the appellant seemingly questions why the bankruptcy court treated his motion as a notice of appeal. *See* Mot. to Transfer at 2 ("Appellant did not contact the Bankruptcy Court Clerk at any time to request treatment of appellant's motion to appeal in forma pauperis filed in the Bankruptcy Court as a notice of appeal for any such reason."); *see id.* ("No notice of any kind, of the designation of the motion to appeal in forma pauperis as a notice of appeal, was served on appellant[.]").  While the court need not address whether the bankruptcy court's treatment of the motion to appeal *in forma pauperis* as a notice of appeal was proper, the court notes that if the bankruptcy court did not treat the motion to appeal *in forma pauperis* as a notice of appeal in this case, the appellant would not have filed any notice of appeal and the court would still lack subject-matter jurisdiction over this action because there is no appeal pending before the court.

      The court also notes that in another matter involving this same appellant (and seemingly involving part of the appellant's claims in proceedings in the Southern District of New York that are tangentially related to this case), the appellant attempted to argue that he timely appealed from various orders of a bankruptcy judge because even though he had not filed any notices of appeal, he had filed applications to appeal *in forma pauperis* within the 14-day period. *See Schneller v. Journal Register Co.*, No. 13 Civ. 6554(PKC), 2014 WL 2153912, at *5-6 (S.D.N.Y. May 22, 2014).  Although the court noted that the Second Circuit had not directly addressed the issue of whether the court should treat motions to appeal *in forma pauperis* as notices of appeal, the court pointed out that other circuits, including the Third Circuit, have treated such applications by *pro se* litigants as notices of appeal and, accordingly, decided to treat the applications as notices of appeal and address the merits of the appeal in that case. *Id.* (citing *United States v. Jackson*, 684 F.2d 245, 246 n.3 (3d Cir. 1982) and other decisions by the Fifth, Ninth, Eleventh, and District of Columbia Circuit Courts of Appeals).  The court references this matter not only for the decision to treat the motion to appeal *in forma pauperis* by a *pro se* litigant as a notice of appeal, but also as circumstantial evidence of the appellant's knowledge of the timing requirements for filing appeals from bankruptcy court orders.

[9] "[T]he remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)).  As such, "one who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631.   Nonetheless, as explained above, the Third Circuit has not created a bankruptcy appellate panel under 28 U.S.C. § 158(b)(1) and there was no election needed in this case as any appeal goes to the district court.   Therefore, the court will deny the motion to transfer.[10]

### D.        The Motion to Register as an ECF User

The court has already concluded that there is no basis to disturb the prior determination of a lack of subject-matter jurisdiction over this appeal.   Based on this determination, there is no need to allow the appellant to register as an ECF user.   Accordingly, the court will deny this motion as well.

### III.        CONCLUSION

The court will not disturb the bankruptcy court's prior determination that the appellant qualified for *in forma pauperis* status and, as such, will grant his motion to appeal *in forma pauperis*.   Concerning the motion to open or vacate and reinstate appeal under Rule 60, the appellant has agreed that the court lacks subject-matter jurisdiction over this appeal and even though he agrees for the wrong reasons, he has offered no evidence or argument that would cause the court to disturb the prior order dismissing this appeal for lack of subject-matter jurisdiction because the appellant failed to timely appeal from the bankruptcy court's orders. Regarding the motion to transfer, the court must deny the motion because the appellant's argument regarding the applicability of 28 U.S.C. § 158(c)(1) is misplaced in this case and, even if the court was inclined to transfer the case, there is no bankruptcy appellate panel to which the

---

[10] Even if there was a panel, the appellant still filed an untimely notice of appeal and the bankruptcy appellate panel would lack subject-matter jurisdiction over any appeal.

court could effectuate transfer.  Finally, as the court lacks subject-matter jurisdiction over this appeal, the court will deny as moot the motion for leave to register as an ECF user.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.